**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GAIL LUPIN,                                                CIVIL DIVISION

       Plaintiff,

                                   Docket No: __2:23-cv-1442

       vs.

PUBLIC PARTNERSHIPS, LLC,                                  Formerly General Docket #
                                                          GD-22-013861 in the Court of
                                                          Common Pleas of Allegheny County

       Defendant.

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Public Partnerships LLC[1] ("Defendant"), a corporation, files this Notice of Removal of Civil Action No. GD-22-013861, entitled Gail Lupin v. Public Partnership, LLC, from the Court of Common Pleas of Allegheny County, Pennsylvania, where the action is now pending, to the United States District Court for the Western District of Pennsylvania.  In support of this Notice of Removal, Defendant states as follows pursuant to 28 U.S.C. § 1446:

1.      On November 10, 2022, Plaintiff Gail Lupin ("Plaintiff") filed a Praecipe for Writ of Summons ("Writ") in the Court of Common Pleas of Allegheny County, Pennsylvania, bearing Case No. GD-22-013861 ("State Court Action").  A true and correct copy of the Writ is attached as **Exhibit A**.

2.      Defendant received the Writ by traceable mail delivered to Harrisburg, PA, on December 14, 2022.[2]

---

[1] Defendant was incorrectly named in the Court of Common Pleas action.  The correct entity name for Defendant is Public Partnerships LLC.

[2] Defendant disputes that it was properly served with the Writ pursuant to Rule 402 and Rule 404 of the Pennsylvania Rules of Civil Procedure.

3.      Plaintiff filed the Complaint in the State Court Action on July 12, 2023, and she

served a copy of the Complaint on Defendant on that same date.  A true and correct copy of the

Complaint is attached as **Exhibit B**.

4.      Copies of all process, pleadings, and orders in the State Court Action are attached

and filed with this Notice as **Exhibits A and B**, pursuant to 28 U.S.C. § 1446(a).

5.      This Notice is filed within 30 days from the date of Defendant's receipt of the

Complaint and is, therefore, timely pursuant to 28 U.S.C. § 1446(b)(1).

6.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's

claims under the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA").  See Kroeck v.

UKG, Inc., No. 2:22-CV-00066-CCW, 2022 U.S. Dist. LEXIS 170311, at *17, n.2 (W.D. Pa.

Sep. 21, 2022); Waller v. Habilitation Grp., LLC, No. 2:21-CV-00519-CCW, 2022 U.S. Dist.

LEXIS 211162, at *25, n.2 (W.D. Pa. Nov. 22, 2022).

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367, including those brought under the Pennsylvania Minimum Wage Act of

1968, 43 Pa. Stat. § 333.104 *et seq*. ("PMWA") and the Pennsylvania Wage Payment and

Collection Law, 43 P.S. § 260.1 *et seq*. ("WPCL"), as well as Plaintiff's claims for breach of

contract and unjust enrichment, as such claims are so related to the FLSA claims over which this

Court has original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution.  See Kroeck, 2022 U.S. Dist. LEXIS 170311 at *17, n.2;

Waller, 2022 U.S. Dist. LEXIS 211162 at *25, n.2.

8.      Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United

States District Court for the Western District of Pennsylvania is the district within which the

State Court Action was pending prior to removal.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant concurrently has filed a copy of this Notice of Removal in the State Court Action with the Prothonotary for the Court of Common Pleas of Allegheny County and will promptly serve a copy upon Plaintiff.

10.      By filing this Notice of Removal, Defendant does not waive and expressly reserves any and all objections it may have with respect to service, jurisdiction, venue, or any other defenses or objections.

11.      By filing this Notice of Removal, Defendant does not make any admission of fact, law, or liability, and it expressly reserves the right to raise any procedural and/or substantive defenses.

WHEREFORE, Defendant removes the State Court Action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Dated: August 11, 2023                    Respectfully submitted,

*/s/ Laura A. Cottington*
Laura A. Cottington, PA ID 328831
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
lcottington@eckertseamans.com
(412) 566-6770

*Attorney for Defendant*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Notice of Removal was filed using the CM/ECF system on August 11, 2023.  A copy was promptly filed with the clerk of court for the Court of Common Pleas of Allegheny County.  A copy of this filing was served electronically and via U.S. Mail, postage prepaid, upon the following counsel of record for Plaintiff in the State Court Action:

Kyle Steenland
The Workers' Rights Law Group, LLP
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA 15220
kyle@workersrightslawgroup.com

*/s/ Laura A. Cottington*
Laura A. Cottington